UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C L O S E D

CHARLES ARTHUR, #185150,

        Petitioner,

v.

        Case Number: 07-CV-13444
        Honorable Anna Diggs Taylor

GREG MCQUIGGIN,

        Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO HOLD HABEAS-CORPUS PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE (Dkt. # 9.)

I.

Petitioner, a state inmate currently incarcerated at the Marquette Branch Prison in Marquette, Michigan,[1] filed a *pro se* petition for a writ of habeas corpus, alleging that he is incarcerated in violation of his constitutional rights. (Dkt. # 1.) In his *pro se* pleadings, Petitioner is challenging his convictions and sentences for (1) two counts of first-degree premeditated murder, MICH. COMP. LAWS § 750.316(a); (2) one count of conspiracy to commit first-degree premeditated murder, MICH. COMP. LAWS § 750.157(a); (3) one count of armed robbery, MICH. COMP. LAWS § 750.529; (4) one count of conspiracy to commit armed robbery, MICH. COMP. LAWS §§ 750.157(a) and 750.529; (5) two counts of carjacking,

---

[1] Petitioner was incarcerated at the Baraga Maximum Correctional Facility in Baraga, Michigan, when he initially filed his habeas petition

MICH. COMP. LAWS § 750.529; (6) one count of carrying a concealed weapon, MICH. COMP. LAWS § 750.227; and (7) felony firearm, MICH. COMP. LAWS § 750.227(b). Respondent filed his answer to the petition on February 27, 2008. (Dkt. # 7.) The necessary Rule 5 materials were filed on March 24, 2008. (Dkt. # 8.)

Before the Court now is Petitioner's "Motion to Hold Habeas Petition in Abeyance." (Dkt. # 9.) Petitioner is requesting that this Court stay his habeas-corpus proceedings until he has had an opportunity to comply with the exhaustion requirements of 28 U.S.C. § 2254.

In his *pro se* motion, Petitioner contends (1) that his appellate counsel failed to raise various issues in his appeal as of right, and (2) that he recently discovered evidence that will demonstrate his actual innocence for the crimes for which he was convicted. Therefore, Petitioner is requesting a stay so that he can return to state court and file a motion for relief from judgment regarding those claims.

Against that backdrop, the Court shall grant Petitioner's motion and stay the case so that Petitioner may return to state court to comply with the exhaustion requirements.

II.

Following his convictions, Petitioner was sentenced to (1) concurrent terms of life in prison for the first-degree-premeditated-murder and conspiracy-to-commit-first-degree-premeditated-murder convictions; (2) concurrent terms of forty- to sixty-years imprisonment for the conspiracy-to-commit-armed-robbery, carjacking, and conspiracy-to-commit-carjacking convictions; (3) a concurrent term of ten- to twenty-years imprisonment for the carrying-a-concealed-weapon conviction; and (4) the mandatory two-years imprisonment for

the felony-firearm conviction. Subsequently, Petitioner filed an application for leave to appeal with the Michigan Court of Appeals. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Arthur*, No. 254056 (Mich.Ct.App. Sept. 29, 2005). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied on February 27, 2006. *People v. Arthur*, 474 Mich. 1071; 711 N.W.2d 320 (2006). Following, Petitioner filed a writ of certiorari with the United States Supreme Court, which was denied in an Order dated October 2, 2006. Petitioner's habeas petition was filed on August 17, 2007.

### III.

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal-habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state-court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon all of Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

To satisfy the exhaustion requirement, a petitioner must present each ground to both Michigan appellate courts. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160. Here, the Court finds that Petitioner has met his burden of showing exhaustion of state court remedies.

Since filing his habeas petition, Petitioner alleges that he has discovered two new unexhausted federal constitutional claims of merit; Petitioner did not present the following issues to either the Michigan Court of Appeals or the Michigan Supreme Court: (1) the issue of trial counsel's failure to object to certain testimony during trial, and appellate counsel's failure to raise that failure in his appeal as of right, and (2) the newly discovered evidence claim, involving prosecutorial misconduct and the tainting of certain evidence.

On that basis, Petitioner is requesting a stay so that he can give the state courts the first opportunity to correct those claims. In the event that he is unsuccessful in the state courts, then Petitioner would like to join those claims, with his currently-already-exhausted claims, for adjudication in this federal habeas-corpus proceeding. Petitioner asks this Court to exercise its authority and hold his petition for writ of habeas corpus in abeyance. Having considered the matter, the Court finds that it is appropriate to stay this case.

A federal district court has discretion in "limited circumstances" to stay a mixed habeas petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 277

(2005). For example, stay and abeyance may be appropriate when a habeas petitioner could be precluded from seeking federal habeas relief due to the application of the one-year statute of limitations. *Id*. 276. Stay and abeyance is only appropriate when a district court determines that the petitioner has shown good cause for the failure to first exhaust the claims in state courts, the petitioner's unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id*. at 277.

Here, the Court finds that Petitioner has shown the need for a stay. It appears that his claims, involving ineffective assistance of counsel, both trial and appellate, and the newly discovered evidence of tainted evidence, are not exhausted and that the one-year limitations period applicable to habeas actions could pose a problem if this Court were to dismiss the petition to allow further exhaustion of state remedies. *See* 28 U.S.C. § 2244(d)(1).

In this case, the Michigan Supreme Court denied Petitioner's application for leave to appeal on February 27, 2006. Petitioner then had ninety days in which to seek a writ of certiorari with the United States Supreme Court, which he did. *See* Sup.Ct.R. 13(1). The United States Supreme Court denied certiorari on October 2, 2006. With regard to the statute of limitations therefore, his convictions became final on October 2, 2006. Petitioner filed the instant petition on August 17, 2007. Thus, he has approximately two months remaining on the one-year limitations period, assuming that the Court equitably tolls the time in which his current petition has been pending. *Cf. Duncan v. Walker*, 533 U.S. 167, 181-81 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the

5

limitations period). Under these conditions, rather than dismiss the case, it is better for the Court to stay the case, because the limitations period could expire before Petitioner had an opportunity to exhaust his claims and then return to this Court.

Furthermore, Petitioner's claims do not appear to be "plainly meritless." *Rhines*, at 277. Petitioner claims that he did not previously raise those claims in the state courts due to the ineffective assistance of counsel, and there is no indication of intentional delay by Petitioner. Accordingly, the Court concludes that it has discretion to stay this case pending Petitioner's return to the state courts to fully exhaust his habeas claims.

IV.

For the reasons stated, the Court concludes that Petitioner has not fully exhausted his state-court remedies as to the claims contained in this motion. Rather than dismiss the petition, the Court **GRANTS** Petitioner's request to stay proceedings and **STAYS** this action so that Petitioner can fully exhaust state-court remedies as to his newly-stated claims. The stay is conditioned on Petitioner presenting his unexhausted claims to the state courts within sixty (60) days of this order if he has not already done so. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). The stay is further conditioned on Petitioner's return to this Court with an amended petition, using the same caption and case number, within sixty (60) days of exhausting state remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2nd Cir. 2001)). Should Petitioner fail to comply with these conditions, his case may be subject to dismissal.

The Clerk of the Court is ordered to **CLOSE** this case for statistical purposes only.

Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of Petitioner's claims.

**IT IS SO ORDERED.**

<u>**s/ Anna Diggs Taylor**</u>
ANNA DIGGS TAYLOR
UNITED STATES DISTRICT JUDGE

DATED:  May 5, 2009

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on May 5, 2009.

Charles Arthur, #185150
Baraga Maximum Correctional Facility
13924 Wadaga Road
Baraga, MI 49908

<u>s/Johnetta M. Curry-Williams</u>
Case Manager